UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | 5:25-cv-03584-ODW (AGRx) | Date | January 5, 2026 |
|---|---|---|---|
| Title | *Minas Abkarian v. Warden et al* | | |

Present: The Honorable    Otis D. Wright, II, United States District Judge

| Sheila English | Not reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not present      Not present

**Proceedings:**      **In Chambers**

Presently before the Court is Petitioner Minas Abkarian's Application for a Temporary Restraining Order. (Appl. TRO ("TRO"), Dkt. No. 2.)[1]

A temporary restraining order ("TRO") is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). The standard for issuing a TRO is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). To obtain this relief, a plaintiff must establish the "*Winter*" factors: (1) the plaintiff "is likely to succeed on the merits"; (2) the plaintiff "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [the plaintiff's] favor"; and (4) "an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

Abkarian bears the burden of establishing the *Winter* factors, including his likelihood of success under *Zadvydas*. *See Am. Trucking Ass'ns*, 559 F.3d at 1052. However, Abkarian does not address the *Winter* factors in his TRO. (*See generally* TRO.) Instead, Abkarian's TRO

---

[1] Based on Abkarian's Petition, the Court construes his TRO as brought under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). (*See* Pet. 7, Dkt. No. 1 (arguing that ICE continues to detain Abkarian "even though there is no likelihood of removal in a reasonable foreseeable future")); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (mandating liberal construction of pro se filings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 5:25-cv-03584-ODW (AGRx) | Date | January 5, 2026 |
|---|---|---|---|
| Title | *Minas Abkarian v. Warden et al* | | |

consists of a mostly blank DV-110 form, which is a form used in California state court to request a TRO in domestic violence cases. Abkarian's failure to demonstrate any of the *Winter* factors or to gather any evidence to even support a favorable finding under any *Winter* factor warrants summary denial of his TRO. Thus, the Court **DENIES** Abkarian's TRO **WITHOUT PREJUDICE**. (Dkt. No. 2.)

If Abkarian wishes to re-apply for a TRO, he must address the *Winter* factors in the application. To the extent that Abkarian does plead a *Zadvydas* claim, he must demonstrate, with evidence, that he has been in detention for over six months and that there is "no significant likelihood of [his] removal in the reasonably foreseeable future." 533 U.S. at 687. Finally, Abkarian must either serve Respondents with a copy of the TRO or certify "in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(B).

**IT IS SO ORDERED**.

|  | : | 00 |
|---|---|---|
| Initials of Preparer | SE | |